UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~

In re:
**LUCKY SOKHA PHY**                                                                              Chapter 7
    Debtor.                                                                              Case No. 14-12721 –JNF


~~~~~~~~~~~~~~~~~~~~

**ORDER TO SHOW CAUSE**

Upon consideration of: 1) the Disclosure of Compensation of Attorney for Debtor(s) (the "Rule 2016(b) Statement"), dated June 2, 2014 and filed by Counsel to the Debtor(s) on June 5, 2014 (Docket No. 2);  2) Standing Order 2013-02 which prohibits limited representation, *see* http://www.mab.uscourts.gov/mab/standing-orders;  3) the provisions of 11 U.S.C. §§ 526, 527 and 528 governing disclosures and requirements that must be satisfied by attorneys representing debtors in bankruptcy cases; 4) the provisions of the Massachusetts Rules of Professional Conduct, in particular  Rule 1.5(b)(1) requiring  a writing outlining the scope of the representation and the terms of compensation between a client and an attorney; and 5) the provisions of 11 U.S.C. §  329 (a) and (b),  the Court hereby orders Counsel to the Debtor(s) ("Counsel") to show cause, in writing, on or before June 25, 2014, why the Court should not order disgorgement of fees paid or agreed to be paid Counsel by virtue of the failure to comply with Standing Order 2013-02, in particular the disclosure that Counsel purports to exclude certain services incident to the complete and adequate representation of the Debtor(s) in the bankruptcy case.

In the event that Counsel, by June 25, 2014, files with the Court and serves on the Debtor(s) an amended Rule 2016(b) Statement consistent with Counsel's obligations to represent the Debtor(s) in all aspects of the case in accordance with Standing Order 2013-02, the Court, in its discretion, may release this Order to Show Cause.

In determining whether to release this Order to Show Cause, the Court shall consider Counsel's certification, filed with the amended Rule 2016(b) Statement, that Counsel and the Debtor(s) have entered into an amended fee agreement providing for the terms of compensation to be paid for all services in the main bankruptcy case and in any adversary proceeding relating to the discharge or an exception to discharge.[1] The Court also may schedule a hearing on this Order to Show Cause as is necessary and appropriate.

By the Court:

Dated: June 11, 2014

Joan N. Feeney    06/11/2014
United States Bankruptcy Judge

---

[1] In the event the Debtor(s) does not comply with the terms of any fee agreement, the Court will entertain the attorney's motion to withdraw his or her appearance.